UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Humberto Rodriguez,

Defendant.

**Order of Restitution**

**S2 20 Cr. 301 (PKC)**

Upon the application of the United States of America, by its attorney, DAMIAN WILLIAMS, United States Attorney for the Southern District of New York, Nicholas W. Chiuchiolo, Assistant United States Attorney, of counsel; the presentence report; the parties' plea agreement; the Defendant's conviction in the above-captioned case; and all other proceedings in this case, it is hereby ORDERED that:

**1. Amount of Restitution.** HUMBERTO RODRIGUEZ, the Defendant, shall pay restitution in the total amount of $17,489.00 to the victims associated with the offense to which the defendant pled guilty. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims attached hereto. Upon advice of a change of address, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

**2. Schedule of Payments.** Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the Defendant; and any financial obligations of the Defendant; including obligations to dependents, the Defendant shall pay restitution in the manner and according to the schedule that follows: In the interest of justice, restitution shall be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). While serving the term of imprisonment, the Defendant shall make installment payments toward his

restitution obligation, and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP). Pursuant to BOP policy, the BOP may establish a payment plan by evaluating the Defendant's six-month deposit history and subtracting an amount determined by the BOP to be used to maintain contact with family and friends. The remaining balance may be used to determine a repayment schedule. BOP staff shall help the Defendant develop a financial plan and shall monitor the inmate's progress in meeting his restitution obligation. Any unpaid amount remaining upon release from prison will be paid in installments of not less than an amount equal to ten percent of the Defendant's gross income on the 1st of each month.

If the Defendant defaults on the payment schedule set forth above, the Government may pursue other remedies to enforce the judgment.

**3. Payment Instructions.** The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash. Checks and money orders shall be made payable to the "SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The Defendant shall write his/her name and the docket number of this case on each check or money order. Credit card payments must be made in person at the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed. For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

**4. Additional Provisions.** The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007

(Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k). If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

**5. Restitution Liability.** The Defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

**6. Waiver of Interest.** Pursuant to 18 U.S.C. 3612(f)(3)(A), the Court waives the requirement for interest payments on the Defendant's restitution obligation. The Court finds that Mr. Rodriguez is unable to pay interest.

7. **Sealing.** Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used or disclosed by the Government, the Clerk's Office, and the Probation Department, as need be to effect and enforce this Order, without further order of this Court.

Dated: New York, New York
September 20, 2022

HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE